T.C. Summary Opinion 2002-143

UNITED STATES TAX COURT

ROBERT B. LEPPIN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 941-01S.                    Filed November 5, 2002.

Robert B. Leppin, pro se.

<u>Sean R. Gannon</u>, for respondent.

DINAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in

effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax of $2,755 for the taxable year 1998. Respondent concedes the portion of the deficiency in excess of $712.

The issue for decision is to what extent petitioner must include in income amounts received as railroad retirement benefits.

Some of the facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated herein by this reference. Petitioner resided in Blue Island, Illinois, on the date the petition was filed in this case.

During 1998, petitioner received retirement benefits of $19,844.96 from the U.S. Railroad Retirement Board (RRB). For that year, petitioner received from the RRB a Form RRB-1099-R, Annuities or Pensions By the Railroad Retirement Board. This form listed the following:

| | |
|---|---|
| Employee contributions | $13,290.20 |
| Contributory amount paid | 19,242.96 |
| Supplemental annuity | 602.00 |
| Total gross paid | 19,844.96 |

Petitioner reported $19,243 of the benefits on his 1998 Federal income tax return, but listed this amount as fully nontaxable Social Security benefits rather than as income from pension and annuities.

The basis for respondent's determination in the statutory notice of deficiency does not appear in the record. However, it is respondent's position in this proceeding that the full amount that petitioner received from the RRB, $19,844.96, is annuity or pension income, and that $6,554.96 of this amount is includable in gross income.

Railroad retirement benefits are divided into two portions for purposes of Federal income taxation. In general terms, the portion of the benefits which is equal to the benefit to which a taxpayer would have been entitled under the Social Security Act if the taxpayer had been covered by the Social Security Act is referred to as the "tier 1 railroad retirement benefit". Sec. 86(d)(4). Tier 1 benefits are includable in gross income to the same extent as are Social Security benefits. Sec. 86(d)(1)(B). The benefits other than tier 1 benefits (commonly referred to as "tier 2 benefits") generally are includable in gross income to the same extent as are amounts received from a section 401(a) qualified plan. Sec. 72(r). As such, these benefits generally are treated as annuity payments subject to the provisions of section 72. Sec. 402(a).

As a general rule, tier 2 benefits are includable in gross income under section 72(a). However, a portion of these benefits may be excluded from income under section 72(b) or (d). These provisions exclude from a taxpayer's gross income that portion of

a tier 2 annuity payment which represents a ratable recovery of the taxpayer's contributions to the railroad retirement plan made in the form of taxes. Sec. 72(b)(1), (d)(1), (r)(2).

Petitioner's position in this case is unclear. In his petition, he argues that the "railroad retirement pension is subject to form 1040, line 20"; namely that it should be treated as Social Security benefits. At trial, petitioner made a somewhat contradictory statement that the benefits were comprised of tier 1 benefits in the amount of $11,448, tier 2 benefits in the amount of $7,794, and a supplemental pension of $612. Where petitioner derived the first two amounts is unknown.

Whether petitioner received any tier 1 benefits at all is also unclear. In general terms, the RRB uses Form RRB-1099, Payments By the Railroad Retirement Board, to report tier 1 benefits, and Form RRB-1099-R to report tier 2 benefits. See generally Internal Revenue Service Publication 575, Pension and Annuity Income, and Internal Revenue Service Publication 915, Social Security and Equivalent Railroad Retirement Benefits. In the present case, on the same document in evidence on which the Form RRB-1099-R was reproduced, there was also a copy of a Form RRB-1099. This latter form was blank except for the notation "THIS FORM NOT REQUIRED FOR YOUR 1998 TAXES".

From the record in this case, we are unable to ascertain whether petitioner in the first instance should have received

tier 1 benefits in some amount, and in the second instance whether or not he in fact did receive such benefits. However, there may be countless reasons why petitioner should not have received tier 1 benefits in the year in issue, and this specific factual issue was not addressed at trial by either party. Even if we were to accept petitioner's testimony as to the division of the benefits into tier 1 and tier 2 benefits, we would have no way of determining the amount of the tier 2 benefits which would be includable in gross income.

We are left with the fact that petitioner has admitted receiving income in the amount of $19,844.96, as reflected in the Form RRB-1099-R, and that he admits that he did not properly report this amount on his tax return.[1] Furthermore, he has presented no reliable evidence that the Form RRB-1099-R is incorrect.[2] We therefore sustain respondent's determination, as modified by his concession, that petitioner received unreported gross income from the RRB benefits in the amount of $6,554.96.

---

[1]Pursuant to petitioner's version of the facts in his testimony, at least a portion of the benefits should have been included in gross income on his return.

[2]Sec. 7491(a) does not shift the burden of proof to respondent in this case because petitioner has provided no credible evidence with respect to the nature of the benefits he received. Sec. 7491(a)(1). Furthermore, sec. 6201(d) does not impose any evidentiary burden on respondent because petitioner has admitted receiving the item of income at issue.

Respondent's calculation of petitioner's tax liability in the notice of deficiency is not in the record. However, based upon the record before us we find that petitioner's taxable income was determined in the notice of deficiency as follows:

| | | |
|---|---|---|
| RRB benefits | $19,845 | |
| Other income | 10,857 | |
| Adjusted gross income (AGI) | | $30,702 |
| Medical expenses | 4,801 | |
| Less 7.5% AGI | (2,303) | |
| Taxes paid | 6,976 | |
| Total itemized deductions | | (9,474) |
| Personal exemption deduction | | (2,700) |
| Taxable income | | 18,528 |

According to the explanation provided to the Court with regard to respondent's concession, respondent: (1) Decreased the taxable income reflected in the notice of deficiency by $13,290 to reflect that portion of the RRB benefits not includable in gross income; and (2) reduced the taxable income by a further $492 to reflect an increased medical expense deduction allowed in light of the change to adjusted gross income. Based on these adjustments to the notice of deficiency, respondent determined that petitioner's correct taxable income was $4,745 and that the correct amount of the deficiency was $712. It appears, however, that respondent's calculations are in error in two respects. First, the amount of the increase in the medical expense deduction appears to be too small in light of the change to petitioner's adjusted gross income. See sec. 213(a). Second, the calculation does not appear to account for a portion of petitioner's income which is long-term capital gain and

consequently taxed at a lower rate.  See sec. 1(h).  We shall therefore enter a decision under Rule 155 so that the parties may compute petitioner's proper tax liability pursuant to our findings in this case.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.